# Murry *v.* Strother.

### *Bill for Statutory Redemption.*

(Decided Dec. 15, 1908.   48 South. 72.)

1. *Principal and Surety; Indemnity; Assignment.*—A mortgage given to indemnify the sureties of a mortgagor for the payment of the costs of a suit may be assigned as security to one who has paid such costs.

2. *Appeal and Error; Review; Matters Not Necessary to Decision.* —Where the appeal is from a finding that a sufficient tender had not been made, and it appears that the tender made did not cover items to which the mortgagee was clearly entitled, whether or not the mortgagor was bound to tender money to cover certain items claimed by the mortgagee, will not be considered.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by J. Murry against J. W. Strother. From a decree for respondent, complainant appeals. Affirmed.

Ida Murry, wife of complainant, executed a mortgage to Julia Murry on her interest to certain described lands, in which orator joined. This mortgage was executed on the 26th day of October, 1896. On the 13th day of January, 1898, Ida Murry conveyed to complainant, J. Murry, her interest in said land, subject to the mortgage above set out. On the 17th day of May, 1901, Julia Murry filed a bill to foreclose her mortgage on these lands, and on the 3d day of April, 1905, the sale was had, and on the 7th day of June, 1905, the sale was reported, and a few days thereafter confirmed, at which sale the Schuesslers became the purchasers. Before the sale, however, the present complainant took an appeal from the decree to the Supreme Court, and in order to perfect his appeal and to make a supersedeas bond the complainant executed to W. C. Stone and R. L. Johnston a mortgage on said land to hold them harmless

[Murry v. Strother.]

on account of an adverse decree, and said Stone and Johnston signed complainant's appeal bond and became liable for the costs of appeal and the costs in the chancery court. Said Stone and Johnston, upon respondent becoming responsible for the costs, assigned and transferred in writing all their interest in the indemnity mortgage executed by complainant to them. Respondent, as junior mortgagee, redeemed from the Schuesslers their purchase at register's sale, made under the decree of the chancery court. Murry now files a bill against Strother to redeem from Strother, and tenders to Strother the amount which Strother paid to redeem from the Schuesslers, together with the regular amount of interest, taxes, etc., but declined and refused to pay the costs for which Strother was liable, or which he had paid, and for which the junior mortgage was security. The chancellor decreed that complainant was not entitled to redeem under the tender made by him.

BULGER & RYLANCE, for appellant. One person cannot agree to pay the debt of another and become liable therefor, unless such agreement is in writing.—Subd. A. Code sec. 4289. The debt in this case undoubtedly rested on Stone and Johnson, and the mortgagee cannot assign the right to mortgaged property without also assigning the debt.—*Duvall v. McClosky,* 1 Ala. 708. An indemnity mortgage cannot be assigned.—*Abbott v. Upton,* 13 Ill. 68; *Jones v. Twentypeck,* 29 Con. 25. The requirement of the statute as to the payment of the money into court was complied with.—*Frank v. Pickens,* 69 Ala. 369.

GEORGE A. SORRELL, and JAMES W. STROTHER, for appellee. To entitle complainant to relief on bill filed for redemption, he must allege and prove that he brings the money into court on the filing of the bill.—*Murphree v.*

*Summerlin,* 114 Ala. 54; *Baitey v. Brown,* 101 Ala. 695; *Long v. Slade & Farish,* 121 Ala. 267; *Given v. Troxell,* 39 S. O. 578. The defense set up in the pleas to the bill are good and are sustained by the evidence; complainant having taken issue on the pleas and the pleas being proven, judgment was properly rendered in favor of respondent, and the decree dismissing the bill was correct.—*Johnson v. Dadeville,* 127 Ala. 244; *Tyson v. Decatur Land Co.,* 121 Ala. 414; *Stein v. McGraf,* 128 Ala. 121; Fletcher's Equity Pleading & Practice, page 310. The complainant is not entitled to relief under the evidence in the case; to entitle him to redeem, he must have tendered the amount of the purchase money with ten per cent. per annum thereon together with all lawful charges.—Code 1896, section 3507. Respondent redeemed said land under his right as junior mortgagee; and if complainant was entitled to redeem at all from respondent, the amount of the junior mortgage is a lawful charge which he must pay.—*Crimmer v. Watson,* 73 Ala. 127; *Gregg v. Bank,* 59 Ala. 311.

TYSON, C. J.—The bill in this cause is exhibited to enforce a supposed statutory right of redemption. On final hearing the chancellor found that the complainant had not tendered a sufficient amount to pay "the purchase money, with 10 per cent. per annum thereon and all other lawful charges," as required by the statute (section 3507, Code 1896). The real matter of controversy, and the one presented for our determination, is whether the indemnity mortgage executed by complainant to Stone and Johnston, and assigned by them to the respondent, constitutes "a lawful charge" upon the lands. This mortgage was given by complainant to indemnify Stone and Johnston against any loss they should sustain, as his sureties, upon an appeal bond in

[Murry v. Strother.]

a cause appealed by him from the chancery court to this court.

The decree appealed from having been affirmed, and the costs adjudged against him and his sureties, execution was issued out of this court against all of them for the cost incurred in this court. It was in consideration of the payment of this cost by respondent, and of the assumption by him of the costs of the chancery court, for which the sureties were liable upon the bond, that the transfer and assignment of the mortgage to the respondent was made. That the mortgage was assignable and after assignment became a valid security, and therefore a lawful charge upon the lands in the hands of the respondent, for the amount of the costs actually paid by him, does not seem to us to admit of serious controversy. Had Stone and Johnston paid the costs of this court themslves, they would have had a debt, which was secured by the mortgage, and which they could have enforced by a foreclosure of it. Having procured the respondent, Strother, to pay their debt, they had the right to transfer the mortgage to him as a security for the payment, and thus invest in him their right to the mortgage as a security for the money so paid by him. —1 Jone on Mortgages (6th Ed.) § 802, and cases cited in note.

As to whether or not the mortgage was a lawful charge as to the costs assumed by respondent, which he has never paid, and, therefore, a tender of which was indispensable, is not necessary to be here determined, since the testimony undisputedly established that the costs paid by the respondent were not included in the amount tendered by complainant.

Affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concur.